**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FARON DAVENPORT,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 22-cv-27-RJD** |
| ) | |
| **vs.** ) | |
| ) | |
| **SABRINA STEVENS,** ) | |
| ) | |
| **Defendant.** ) | |

# <u>ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated at Shawnee Correctional Center, filed this suit pursuant to 42 U.S.C. §1983 in October 2019.   Plaintiff alleges that Defendant Stevens, a nurse practitioner, was deliberately indifferent to his serious medical needs.   This matter comes before the Court on an Order to Show Cause (Doc. 72) to which Plaintiff failed to respond.

Plaintiff was incarcerated at the time he filed his Complaint and therefore required to exhaust his administrative remedies prior to filing suit.   42 U.S.C. § 1997e(a).   In January 2023, Defendant Stevens filed a Motion for Summary Judgment on the issue of exhaustion (Doc. 64) and Plaintiff responded (Doc. 68) on February 8, 2023.   The undersigned intended to set this matter for an evidentiary hearing[1] on Defendant's motion, which necessarily requires Court staff to coordinate with the Illinois Department of Corrections ("IDOC") to secure Plaintiff's presence via videoconference.    According to the IDOC's website, Plaintiff was released on April 4, 2023 from Shawnee Correctional Center on parole; his status is listed as "absconder."[2]   The Court

---

[1]  See *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).
[2]  https://idoc.illinois.gov/offender/inmatesearch.html (last accessed July 17, 2023).

previously advised Plaintiff on two separate occasions of his continuing obligation to inform the Court of any address change within seven days after moving.   Docs. 7 and 41.   Plaintiff was warned that his failure to comply with this requirement may result in the dismissal of this case for failure to prosecute.   *Id.*

On June 5, 2023, the Court ordered Plaintiff to show cause why this matter should not be dismissed for his failure to provide the Court with his updated address.   Doc. 72.   Plaintiff's deadline for responding was June 20, 2023.   *Id.*   Nearly four weeks have passed since Plaintiff missed the deadline to comply with the show cause order, and Plaintiff has still failed to file anything with the Court.

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute."   *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).   Where a *pro se* plaintiff has engaged in "ordinary misconduct" (e.g., failing to appear for a hearing), dismissal of the matter with prejudice is appropriate after the Court has warned the plaintiff accordingly (though such a warning is not necessarily required).   *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (internal citations omitted).   Plaintiff has now failed to comply with three court orders (Docs. 7, 41, and 72).   Consequently, this matter is DISMISSED WITH PREJUDICE.   All pending motions are denied as MOOT.   The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: July 17, 2023**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**